UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darnell L. Hunter, | ) C/A No. 4:10-3290-CMC-TER |
| *a.k.a. Darnell Lamont Hunter*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Prison Guard Doris Gant; | )REPORT AND RECOMMENDATION |
| Warden McKither Bodison; | ) |
| Cpt. Clark; and | ) |
| Sgt. Adcox, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

## I.  PROCEDURAL BACKGROUND

The Plaintiff, Darnell L. Hunter ("Plaintiff/Hunter"), filed this action in the Court of

Common Pleas for Dorchester County. Defendants filed a Notice of Removal to this court on

December 28, 2010, based upon federal question jurisdiction.[1] Defendants filed a Motion to Dismiss

on December 28, 2010. Because Plaintiff is proceeding pro se, the court issued an Order on or about

January 12, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a

failure to respond to the Defendants' Motion to Dismiss could result in the dismissal of his

complaint.[2] No response has been filed by Plaintiff to Defendants' Motion to Dismiss, and Plaintiff

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because
this is a dispositive motion, the report and recommendation is entered for review by the district
judge.

[2] A Roseboro Order was originally mailed on January 4, 2011, but was returned to the
Clerk of Court's office via United States Postal Service on January 12, 2011, marked  "Return to
Sender." (Doc. #11). It appears it was initially sent to the incorrect address for Ridgeland
Correctional Institution. Therefore, on January 12, 2011, a Roseboro Order was mailed to the
correct address for Ridgeland Correctional Institution and the only address Plaintiff has provided

has not notified the court of any change of address.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)    the degree of Plaintiff's responsibility in failing to respond;

(2)    the amount of prejudice to the Defendant;

(3)    the history of the Plaintiff in proceeding in a dilatory manner; and,

(4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendant's Motion to Dismiss or the court's Orders requiring him to respond. The undersigned concludes the Plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

---

to the court.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 22, 2011
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**